United States District Court
Southern District of Texas

**ENTERED**

May 01, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| DAVID ISRAEL CALUNA PILAMUNGA | § | |
| *on behalf of* SEGUNDO PEDRO QUERA | § | |
| GUASHCO | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-cv-643 |
| | § | |
| WARDEN, WEBB COUNTY DETENTION | § | |
| CENTER *et al.* | § | |

## ORDER TO SHOW CAUSE

David Israel Caluna Pilamunga initiated this habeas proceeding, allegedly on behalf of his cousin, Segundo Pedro Quera Guashco (*see* Dkt. No. 1). As the Court is uncertain that it can maintain subject matter jurisdiction over this matter, Petitioner is **ORDERED TO SHOW CAUSE IN WRITING** that the requirements are met **no later than May 15, 2026**.

## I.    BACKGROUND

The Court received a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed by David Israel Caluna Pilamunga on Segundo Pedro Quera Guashco's behalf (*see* Dkt. No. 1). According to the Petition, Segundo Pedro is detained by immigration authorities at the Webb County Detention Center in Laredo, Texas (Dkt. No. 1 at 2). Petitioner requests his immediate release or a bond hearing and reasonable conditions (Dkt. No. 1 at 11).

The Court identified deficiencies in Petitioner's pleading, which may preclude its subject matter jurisdiction over this matter. Namely, David has not satisfied the requirements to represent Segundo Pedro as a next friend. Nor does David appear to be a licensed attorney.

1

## II.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 2242, a habeas petition "shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." While the individual acting on the Petitioner's behalf is ordinarily an attorney, "a non-lawyer may sign and file a habeas petition on behalf of someone else only when the petition establishes some reason or explanation, satisfactory to the court, showing: (1) why the detained person did not sign and verify the petition and (2) the relationship and interest of the would-be 'next-friend.'" *Burruss v. Hawkins*, No. CV H-22-2740, 2023 WL 319955, at *3 (S.D. Tex. Jan. 19, 2023) (citation modified) (quoting *Weber v. Garza*, 570 F.2d 511, 513–14 (5th Cir. 1978) (per curiam)). The failure to establish these requisites strips the district court of subject matter jurisdiction to consider a petition. *Id.* (citing *Weber*, 570 F.2d at 514).

## III.    DISCUSSION

Here, David explains that he is Segundo Pedro's close family member, specifically, his cousin, who maintains a significant relationship with him and is acting in his best interest (Dkt. No. 1 at 2, 6, 8). David explains Segundo Pedro "is unable to file this petition on his own behalf due to the restrictions inherent in detention" (Dkt. No. 1 at 2). David explains Segundo Pedro "is detained and unable to meaningfully access the courts" (Dkt. No. 1 at 8). However, these conclusory allegations do not satisfy the *Weber* framework.

First, Petitioner "must also 'set forth an adequate reason or explanation of the necessity for resort to the "next friend" device.'" *Id.* at *3 (quoting *Weber*, 570 F.2d at 514). *Weber* sanctioned several justifications, including the "[i]nability to understand the English language or the situation, particularly in the case of aliens, impossibility of

2

access to the person, or mental incapacity." *Weber*, 570 F.2d at 514 n.4 (quoting *United States ex rel. Bryant v. Houston*, 273 F. 915, 916 (2d Cir. 1921)); *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990) ("[A] 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability." (citations omitted)). While *Weber's* list is non-exhaustive, David's explanations do not come close to meaningfully aligning with any of the identified considerations. Segundo Pedro's detention, on its own, is not sufficient to justify next friend status.

Indeed, similarly situated habeas petitioners are **all** detained, yet they manage to prepare and file their writs. This Court is not alone in seeing "numerous pro se petitioners in immigration custody seeking relief who face the same conditions as [Petitioner] and are able to litigate their petition." *Rosales Acosta v. Slosar*, No. 2:26-CV-233-KCD-NPM, 2026 WL 309230, at *1 (M.D. Fla. Feb. 5, 2026). Affording Segundo Pedro flexibility here would create a fundamental unfairness, as others are not granted the same accommodation.

Second, the Court questions whether a cousin classifies as a close familial relationship. Though undefined, such a nexus typically lies with the real party in interest's parent, spouse, or sibling. *Davis v. Austin*, 492 F. Supp. 273, 275 (N.D. Ga. 1980); *Whitmore*, 495 U.S. at 163 (a next friend must have some significant relationship with and be truly dedicated to the petitioner). Courts outside this District have specifically found that a cousin lacks a satisfactory, significant relationship with the real party in interest. *Davis*, 492 F. Supp. at 276 (finding a first cousin who had not visited the real party in interest in over a year to be an inadequate next friend applicant); *Wilson v. New Jersey*, No. CIV.A. 09-4860 (FSH), 2009 WL 3242135, at *1–2 (D.N.J. Oct. 7, 2009) (determining a cousin was not the "type of significant relationship with the prisoner that

would justify appearing here as his 'next friend'"). Nor does David's conclusory statement that they act in Segundo Pedro's best interest offer any clarity (*see* Dkt. No. 1 at 2). Ultimately, the burden lies with the next friend to "clearly [] establish the propriety of his status and thereby justify the jurisdiction of the court," and the Court finds that David did not rise to the occasion here. *Whitmore*, 495 U.S. at 164 (citations omitted).

Finally, David does not allege that he is a licensed attorney. Unless next friend status has otherwise been established, that fact ordinarily bars a court from exercising subject matter jurisdiction over these proceedings. *See Smith v. White*, 857 F.2d 1042, 1043 (5th Cir. 1988) (signatures of non-attorneys are generally ineffective to initiate proceedings on the behalf of non-signor prisoners); *Weber*, 570 F.2d at 514 (unlicensed persons may not represent others in district court (citations omitted)). **Consequently, it is the Court's current interpretation that the instant Petition is subject to dismissal**. *Burruss*, 2023 WL 319955, at *3 (citing *Weber*, 570 F.2d at 514).

## IV.  CONCLUSION

Accordingly, Petitioner is **ORDERED TO SHOW CAUSE IN WRITING** why this petition should not be dismissed for lack of subject matter jurisdiction. If David seeks to pursue this action on Segundo Pedro's behalf as next friend, he must: (1) adequately explain why Segundo cannot prosecute this habeas proceeding on his own consistent with relevant case law; (2) provide proof to support why the circumstances prevent him from representing his own interests; and (3) establish that he is truly dedicated to Segundo Pedro's best interests. Petitioner **must** file a response **no later than May 15, 2026**.

**Petitioner is WARNED that failure to comply with this Order may result in dismissal of this action for want of prosecution under Federal Rule of Civil Procedure 41(b)**. *See* Rules Governing Section 2254 Cases, Rule 12 (the Federal Rules

4

of Civil Procedure apply in habeas actions "to the extent that they are not inconsistent with any statutory provisions or these rules"); *see also* Rules Governing Section 2254 Cases, Rule 1(b) (§ 2254 rules apply to 28 U.S.C. § 2241 cases).

The Clerk of Court is also **DIRECTED** to serve a copy of this Order on Segundo Pedro Quera Guashco via United States mail at:

Segundo Pedro Quera Guashco
A-Number: 245-982-745
Webb County Detention Center
9998 Us Highway 83
Laredo, Texas 78046

It is so **ORDERED**.

**SIGNED** May 1, 2026.

Marina Garcia Marmolejo
United States District Judge

5